DECISION
This matter is before the court for Decision on Plaintiff's request for cancellation of taxes for the 2009-10 tax year due to the destruction of Plaintiff's rental home by fire. The subject property is identified in the assessor's records as Account 1058179.
A hearing was held by telephone May 24, 2010. Plaintiff and his wife both appeared for that proceeding. Defendant was represented by Bryce Krehbiel, an appraiser employed by the county assessor. Plaintiff was given two weeks from the date of that hearing to submit a letter he believed he received from the assessor's office after he contacted the assessor after receiving the property tax statement for the subject property. The court did not receive such a letter from Plaintiff. When called by court staff, Plaintiff explained that he, in fact, had not receivd a letter from the county; the only letter he received was a complaint form from this court.[1]
 I. STATEMENT OF FACTS
The subject property is a rental home owned by Plaintiff that was destroyed in a fire June 22, 2009. Plaintiff did not make an application to the county assessor for a redetermination of value within 60 days of the date of the fire. Plaintiff did question his property taxes while at *Page 2 
the assessor's office to pay his tax bill on the property. At that time, Plaintiff was given the name and telephone number of an employee in the assessor's office whom he could call to discuss the matter. When Plaintiff called that number to discuss the matter, he was advised that there was nothing Defendant could do and that his only option was to file an appeal with the Tax Court. Plaintiff filed a Complaint with the Tax Court March 26, 2010.
Plaintiff further explained that he was unaware that he was required to notify the assessor or tax collector about the fire. Plaintiff stated that he is not an attorney and did not know what to do about the fire. Plaintiff "assumed" that the fire department reported the fire to the assessor. Plaintiff testified that he had a lot going on at the time.
 II. ANALYSIS
Under ORS 308.428, [2] a taxpayer whose property is damaged or destroyed by fire or act of God during the first six months of the assessment year can apply to the county assessor to have the real market value and assessed value of a property determined as of July 1 of the current assessment year.[3] If the proper steps are followed, the value redetermination will reflect the lesser value of the property stemming from the damage or destruction of the home. A person seeking such relief must make application on the later of August 1 of the "current tax year" or the 60th day following the date of the fire. ORS 308.428(2). *Page 3 
The fire in this case occurred June 22, 2009, and Plaintiff had 60 days from that date to make application for a redetermination of value for the current assessment year (2009-10 tax year)[4] The 60-day deadline was August 23, 2009. Plaintiff missed the 60-day deadline. The court has no authority to extend or overlook that deadline, which was established by the legislature.[5]
Plaintiff is unhappy because he feels it is unfair to pay taxes on property that did not exist during the tax year. See Design CraftDoor, Inc. v. Multnomah County Assessor, TC-MD No 070157B (Aug 2, 2007) at 2 (noting the "harsh" results under the existing statutory scheme), citing Luce Family Trust v. Lincoln CountyAssessor, TC-MD No 060687D (Dec 5, 2006); Bertagnolli v.Josephine County Assessor, TC-MD No 020042C (Apr 19, 2002); andStens and Briece v. Clatsop County Assessor, TC-MD No 010580C (Aug 21, 2001).
Plaintiff could have made an application with the director of the Department of Revenue for a recommendation for redetermination of value as of July 1, 2009. However, Plaintiff had to have made application to the director by December 15, 2009. ORS 305.475(3). Plaintiff did not *Page 4 
appeal to the court until the latter part of March 2010, and appears to have been unaware of any of the statutory options for relief.
 III. CONCLUSION
After due consideration, the court concludes that Plaintiff's appeal must be, and is hereby, denied because Plaintiff did not timely apply for a value redetermination following the June 22, 2009 fire. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of February 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon February 10, 2011. The Court filed and entered this documenton February 10, 2011.
[1] During the court hearing in May, Plaintiff stated, or at least implied, that he had been misinformed by someone in the assessor's office regarding the proper steps to follow in having his taxes adjusted to reflect the destruction of the home. Plaintiff believed he had a letter from the assessor providing misleading information. As it turns out, that was not the case.
[2] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2007.
[3] The "assessment year" is a calendar year beginning on January 1. ORS 308.007(1)(b). January 1 is also the annual "assessment date." ORS 308.007(1)(a) (providing that the assessment date is "the day of the assessment year on which property is to be assessed under ORS 308.210") and ORS 308.210(1) (requiring the assessor to assess the value of all property on January 1). The "tax year" is a fiscal year that begins on July 1 and ends 12 months later on June 30. ORS 308.007(1)(c). Finally, "the assessment year beginning January 1 corresponds to the tax year beginning July 1 of the same calendar year." ORS 308.007(2).
For the 2009-10 tax year, the assessment year was calendar year 2009, the assessment date was January 1, 2009, and the tax year began six months later on July 1, 2009.
[4] The statutory 60-day application period was later than August 1, 2009, so Plaintiff had the lengthier application deadline.
[5] From a property owner's perspective, a more convenient and perhaps logical date for the application for a redetermination of value under ORS 308.428 would be sometime after the tax statements are mailed each year in October because that is the point that the owner is made aware of the value and taxes. In cases where the "improvement" is completely destroyed by fire earlier in the year (between January 1 and June 30) and the tax statement reflects a significant value for the destroyed home, the problem would be obvious and the owner would have a reasonable opportunity to pursue the matter with the assessor. However, like many possible solutions, extending the application deadline until after the mailing of the tax statements in October creates a greater burden for the assessor/tax collector because that office then has to go back and make adjustments which could affect the county's budget (particularly in smaller counties with fewer property tax accounts). However, given the number of retroactive corrections most counties make each year through the regular property tax appeals system, the burden on the county may be minimal in comparison to the impact on the property owner who ends up paying taxes on a nonexistent building, taxes which would not have been owed had the owner known about and applied for a redetermination of value under ORS 308.428. There is, of course, the option of seeking "hardship relief "from the director of the Oregon Department of Revenue under ORS 307.475, but the property owner must be steered in that direction by the assessor, and make application before December 15. Moreover, the director's determination is in the form of a recommendation to the assessor, which the assessor can either accept or reject. In the end, any changes in the law, if deemed appropriate, must be made by the legislature and not this court.
 *Page 1